1834.

WARREN
*v.*
SPRAGUE.

WARREN, Receiver &c. *v.* SPRAGUE.

Where a receiver files a bill, his solicitor should not be the same person who
has acted in the original suit. It might be ground to dismiss it. But in a
case of the kind and where also the defendant's solicitor was the same as
the original defendants had employed and he entered an appearance know-
ingly and without moving beforehand, the bill was not dismissed on motion.
The receiver, however, was ordered to get another solicitor and to pay the
costs of the motion.

*June* 13,
1844.

*Practice.*
*Receiver.*
*Solicitor.*
*Bill.*

OLIVER AMES had filed a judgment creditor's bill against
Horace St. John and George Witherell; and the present
complainant had been appointed a receiver therein. Mr.
Richard M. Kimball was the solicitor for the complainant
in the original suit; and he was also appointed on the pa-
pers as solicitor for the *present complainant (the receiver.)*
It appeared too that the solicitor for the judgment debtors
was the same as for the present defendant.

Motion to take the bill off the files.

Mr. *J. M. Martin,* for the defendant.

Mr. *Kimball,* against the motion.

*June* 25.

THE VICE-CHANCELLOR :—Where a bill or answer has
been filed without the signature of counsel, it has been the
practice to move that it be taken off the files for irregulari-
ty; and the court will so order, unless special circumstan-
ces are shown: such, for instance, as that the pleading had
been actually perused by counsel and, through inadvertence,
his signature was omitted. In such a case the court will
allow it to stand upon the counsel affixing his signature and
payment of costs : *Carey* v. *Hatch,* 2 Edwards's V. C. Rep.
190 ; *Littlejohn* v. *Munn,* 3 Paige's C. R. 280.

So, the filing of the bill in this cause by the solicitor who
was prosecuting the original suit in which the receiver was
appointed, rendered the bill irregular; and would authorize
its removal from the files. But the defendant happens to

appear by the same solicitor as appeared for the defendants in the original suit; and, so, such solicitor knew that the solicitor for the original complainants was the same as the one now appearing and employed by the receiver in the present suit.

Although this appearance is not a waiver of the objection, yet I consider it is such a step, on the part of the defendant in the receiver's suit, as may well authorize the court to let the bill remain on the files, upon the receiver's substituting another solicitor who has no concern with the original parties and upon payment of the costs of this motion to be taxed. Order accordingly.(a)

1844.

WARREN
v.
SPRAGUE.

(a) This order was affirmed, on appeal, August 27, 1844. But, as the chancellor took different ground from the vice-chancellor, it may be well to give the views of the former: "The only error in the order appealed from is that the application to take the bills off the files was not denied with costs, instead of requiring the complainant to appear by a new solicitor and to pay the costs of the defendant upon the motion. But that was an error in favor of the appellant; and of which he has, of course, no right to complain by appeal. The rule which prohibits a receiver from employing the solicitor for either of the parties to the suit in which he is appointed receiver is intended to protect the rights of those parties. And if they have no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust. A mere stranger to that suit, therefore, has no right to object that the receiver has employed the solicitor of one of the parties in the original suit to institute a new suit against such stranger. The proceedings of the complainant in filing this bill were, therefore, strictly regular, so far as regards the defendant therein; and he had no right to raise the objection that the solicitor employed by the receiver to file the bill against him was solicitor for the complainant in the suit in which the receiver was appointed.

"The order appealed from, not being erroneous as to the appellant, must be affirmed, with costs."